## GURLER *v.* WOOD & a.

If a partner cause an attachment to be made to secure a debt due to the
firm, the subsequent sale of the goods and application of their avails
upon an execution recovered in the suit, is evidence of the ratification of
the attachment by all the partners; and if the attachment is wrongful
they are liable in an action for the tort.

TROVER for 197 pairs brogans. The action was tried
upon the general issue, and a verdict was returned against
all the defendants.

The plaintiff to show conversion by the defendants
offered in evidence a writ dated April 1, 1844, in favor of
two of the defendants, Aaron Hall and Timothy Hall,
described therein as copartners negotiating under the firm
of A. & T. Hall, against one Levi Barker, on which the
brogans were returned by Alonzo Kingsley deputy sheriff,
as attached on the 13th of April as the property of
Barker.

Levi Barker testified among other things that the de-
fendant Wood, in the month of April 1844, informed
him that a suit had been commenced against him, and
that they had been out to Mrs. Gurler's and taken what
shoes they could find.

On cross-examination the witness was asked if he was
not in April 1844 indebted to the defendants, and he
replied that he was. The counsel for the defendants then
exhibited two notes payable to said firm by Barker and
inquired of him if they were not due; to which he replied
that they were, and were the notes in suit on said writ
dated April 1, 1844, and were for rent of the store which
he hired of the defendants.

In opening the defence to the jury the counsel stated
that the defendants were creditors of Barker, and that the
property in dispute was attached on the writ dated April
1, 1844, by deputy sheriff Kingsley as the property of

Barker. Evidence was offered on both sides tending to show that the property did, or did not, belong to Barker.

It also appeared that at the time of the attachment the plaintiff objected to the property being taken.

It was agreed that judgment was rendered on the writ dated April 1, 1844, at the last October term of court; and the defendants offered in evidence an execution issued thereon, on which was a return of the sale of said brogans since the commencement of this suit.

The counsel for the defendants argued to the jury that there was not sufficient evidence to show a conversion by the Halls, whatever might be their conclusion as to the defendant Wood.

The court charged the jury that there was evidence before them sufficient to show a connection between the defendants, and a conversion by all of them, if they should come to the conclusion that the property attached on said writ belonged to the plaintiff. To which instructions the defendants' counsel excepted and moved that a new trial be granted.

*Edwards*, for the plaintiff.

*Chamberlain*, for the defendants.

GILCHRIST, J. The defendants in this case constituted a firm and as such were creditors of Barker. One of them, Wood, caused an action to be commenced to recover the debt, and service of the writ to be made by attaching the property which is the subject of this controversy. The evidence further shows that since this suit was commenced judgment has been recovered by the firm against Barker, and this property has been sold by the officer on their execution and its avails applied to satisfy the debt.

Gurler v. Wood.

The question is whether upon this evidence the jury could justly have found that the Halls as well as Wood were guilty of the conversion of the property, if shown to their satisfaction to have been that of the plaintiff.

There are a variety of cases in which the members of a firm have been held to be implicated in the tortious acts of one or more of their number. Several cases are referred to in the treatise of Mr. Justice *Story*, who deduces from them the general proposition, that torts may arise in the general course of the business of the partnership for which all the partners may be liable, although the act may not in fact have been assented to by them. Among other cases which he cites for illustration, is that of an agent of a firm causing a loss or conversion through negligence; also the case of goods lost on board the ship of a firm through the negligence of the master. Story on Part., sec. 166.

Those cases evidently proceed upon the idea that the relation of principal and agent is fairly established, between the firm and the immediate author of the wrong. Other cases cited by him in the same connection, demonstrate that a member of a firm committing a tort may in some cases involve his associates in a general liability to an action sounding in tort in favor of the injured party.

In *Nicoll* v. *Glennie*, 1 M. & S. 592, a case is supposed by Lord Ellenborough of goods seized by a sheriff which he had not a right to retain. In that case the act of the sheriff is considered as the act of the executive creditor, by his adoption of the levy, and he is therefore, with the sheriff, a trespasser upon the principle of "*omnis ratihabitio,*" &c.

Now if it be open to a doubt, whether an attachment of goods in an action in behalf of a firm, commenced by one of the partners without evidence of the concurrence of the others, be, if unlawful or otherwise, the act of the firm, we think that all doubt is removed, when a judg-

ment has been recovered, and the goods sold, and the avails applied on execution in behalf of the firm, that there is evidence from which the jury might well infer that there was complicity from the first. The perception of the direct avails of the act amounts to a ratification of it.

*Judgment on the verdict.*